

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JON MADSEN,<br><br>Plaintiff,<br><br>vs.<br><br>FARM BUREAU FINANCIAL SERVICES,<br><br>Defendant. | CIV. #17-_4036_<br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff Jon Madsen, by and through his counsel of record, and for his causes of action against the Defendant, does hereby state and allege as follows:

## NATURE OF THE ACTION

This is a breach of contract and bad faith action brought by Plaintiff Jon Madsen ("Plaintiff") against Defendant Farm Bureau Financial Services ("Farm Bureau"). Plaintiff Jon Madsen was severely and permanently injured in an automobile collision that occurred when the vehicle he was riding in as a passenger was struck by an underinsured driver. He seeks to be made whole pursuant to the benefits available to him as an insured under his policy with Farm Bureau. He also seeks to hold Farm Bureau accountable for its bad faith handling of this claim.

## PARTIES

1.   Plaintiff Jon Madsen is a citizen of the State of South Dakota and resident of Sioux Falls, Minnehaha County.

2.   Upon information and belief, Defendant Farm Bureau is a corporation duly organized and existing under the laws of the State of Iowa, with its principal place of business in the State of Iowa, which at all relevant times was duly authorized to issue insurance policies in the State of South Dakota.

## JURISDICTION AND VENUE

3. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1332 based upon the diversity of the parties. The amount in controversy exceeds the sum of $75,000.

4. A substantial part of the events giving rise to this action occurred in South Dakota and, thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2).

## FACTS

5. Farm Bureau provided auto coverage to the Plaintiff pursuant to an insurance policy issued as Policy Number 7929409 ("the Policy"). *See* Exhibit A. The Policy was fully paid, effective and in force during the relevant dates in this matter.

6. The Plaintiff was an insured under the Policy, which provided underinsurance ("UIM") coverage up to a limit of One Hundred Thousand Dollars ($100,000) per person, up to Three Hundred Thousand Dollars ($300,000) per accident. *See* Exhibit A.

7. On April 23, 2016, while the Policy was in force, the Plaintiff was severely and permanently injured in an automobile collision. *See* Exhibit B. To date, he has incurred medical bills of approximately $34,191.58 and lost wages of approximately $16,378. The collision and the Plaintiff's resulting injuries and other damages were the fault of Samuel Fonder. The collision between Fonder and the vehicle in which the Plaintiff was riding as a passenger was solely and proximately caused by Fonder's negligence. Fonder subsequently pled guilty to the charge of failure to make a proper stop at an intersection.

8. The tortfeasor and the vehicle that he was driving were underinsured. Fonder tendered a personal liability insurance payment in the amount of $50,000 to the Plaintiff. This amount represented Mr. Fonder's policy limits. This payment was substantially less than any

amount reasonably necessary to compensate the Plaintiff for his injuries and other damages sustained in the collision.

9. Pursuant to the procedure detailed in *Schmidt v. Clothier*, 338 N.W.2d 356 (Minn. 1983) and *Isaac v. Thanh Ho*, 825 N.W.2d 379 (2013), the Defendant was placed on notice of the tender of limits and was offered the opportunity substitute its own draft. The Defendant declined and waived the opportunity to substitute its draft or object to the settlement. As part of this waiver, the Defendant waived its right of subrogation against Mr. Fonder and against the Plaintiff for medical payment benefits.

10. On or about March 3, 2017, the Plaintiff accepted $50,000 on the Fonder policy covering the tortfeasor and his vehicle.

11. The payment received from the policy covering the tortfeasor pursuant to the agreement did not compensate the Plaintiff for his serious and permanent injuries and other damages that he suffered in the automobile collision caused by the tortfeasor's negligence.

12. Plaintiff thereafter sought recovery of the full value of his UIM benefits from the Defendant for Plaintiff's uncompensated damages, in accordance with the terms of the Policy, and the Defendant wrongfully refused and still refuses payment of the same, which is a direct violation of SDCL 58-33-67.

## COUNT ONE
**(Breach of Contract)**

13. Plaintiff hereby realleges paragraph 1-21 and all previous paragraphs and incorporate them as though fully set forth herein.

14. By virtue of its Policy of insurance in effect on April 23, 2016, and Plaintiff's status as an insured under the Policy, Farm Bureau is contractually obligated to pay the

Plaintiff's insurance benefits as a result of the automobile collision caused by the underinsured tortfeasor that occurred while the Plaintiff was traveling as a passenger in an insured vehicle.

15.  Farm Bureau breached its duty to pay the Plaintiff's insurance benefits pursuant to the Policy.

16.  Farm Bureau's breach of its duties under the Policy has resulted in substantial damages to the Plaintiff.

17.  Farm Bureau's refusal to pay the full amount of said loss was vexatious and without reasonable cause and the Plaintiff is entitled to attorneys' fees pursuant to SDCL 58-12-3.

## COUNT TWO
### (Bad Faith)

18.  Plaintiff hereby realleges paragraphs 1-26 and all previous paragraphs and incorporates them as though fully set forth herein.

19.  Because the Policy constituted a contract of insurance between Farm Bureau and the Plaintiff, there existed an implied covenant of good faith and fair dealing between them.

20.  The Plaintiff suffered losses within the policy period that were compensable under the terms of the policy, provided timely notice to Farm Bureau of the occurrence giving rise to coverage and demanded payment for the same.

21.  The claim was not fairly debatable.

22.  Farm Bureau knew that there was a lack of reasonable basis for denial of the claim or acted in reckless disregard as to whether or not a reasonable basis existed for the denial of the full value of the policy benefits.

23.  In addition to the denial of benefits, Farm Bureau committed bad faith against the Plaintiff in the following ways:

    (a)    Failing to conduct a reasonable investigation into the Plaintiff's claims for benefits; and

    (b)    Failing to pay over the sum of benefits that Farm Bureau reasonably believed to be due and owing to its insured under the policy.

24.    Farm Bureau denied the Plaintiff's claim for benefits and coverage in violation of the implied covenant of good faith and fair dealing and thereby committed bad faith.

25.    At the time that Farm Bureau denied Plaintiff's additional benefits, the Plaintiff's right to additional benefits under the terms of the Policy was not fairly debatable.

26.    Farm Bureau's refusal to provide benefits and coverage and honor the plain terms of its insurance contract caused substantial damages to the Plaintiff including, but not limited to, attorneys' fees, financial distress and emotional distress.

27.    Farm Bureau used unfair and deceptive acts and practices in dealing with the Plaintiff's claim for coverage through, among other things, its failure to adhere to reasonable standards regarding the handling of the claim, its failure to reasonably investigate the claim and its failure to promptly settle Plaintiff's claim in total when liability was clear.

28.    Farm Bureau's refusal to provide coverage and to honor the plain terms of its insurance contract was willful, wanton and with reckless disregard, entitling the Plaintiff to an award of punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for the following relief:

(1)    For Plaintiff's compensatory, general, special and punitive damages in an amount that the jury deems just and proper under the circumstances;

(2)    For attorneys' fees pursuant to SDCL 58-12-3;

(3)    For Plaintiffs' costs and disbursements herein;

(4)   For pre-judgment and post-judgment interest; and

(5)   For such other and further relief as the Court determines to be just and proper.

Dated this 10th day of March, 2017.

JOHNSON, JANKLOW, ABDALLAH,
REITER & PARSONS, L.L.P.

BY _____
Scott A. Abdallah  (sabdallah@janklowabdallah.com)
Shannon R. Falon  (shannon@janklowabdallah.com)
P.O. Box 2348
Sioux Falls, SD 57101-2348
(605) 338-4304

*Attorneys for the Plaintiff*

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

_____
Scott A. Abdallah
Shannon R. Falon